CHAPMAN, Appellant,

v.

OHIO BUREAU OF EMPLOYMENT SERVICES, Appellee.

[Cite as *Chapman v. Ohio Bur. of Emp. Serv.* (1990), 69 Ohio App.3d 390.]

Court of Appeals of Ohio,
Franklin County.

No. 90AP–446.

Decided Sept. 13, 1990.

*Postlewaite & Smith* and *Charles C. Postlewaite,* for appellant.

*Anthony J. Celebrezze, Jr.,* Attorney General, and *Merl Wayman,* for appellee.

PEGGY BRYANT, Judge.

Appellant, Charles P. Chapman, appeals from a judgment of the Franklin County Court of Common Pleas, which affirmed the decision of the State Personnel Board of Review finding no jurisdiction over appellant's removal during the second half of his probationary period.

The facts herein are largely undisputed. Appellant was hired on September 28, 1987, as a full-time permanent employee; no competitive examinations

were given for the position and appellant was not appointed from a certification list. Appellant was removed from his position on March 24, 1988, the one hundred seventy-ninth day after his hire.

On November 16, 1987, appellant received his first evaluation; he received his last evaluation on March 24, 1988. Appellant was advised of his termination by letter received on March 23, 1988, but dated March 24, 1988.

Appellant appealed his removal to the State Personnel Board of Review, which found that appellant was serving a one-hundred-eighty-day probationary period pursuant to Ohio Adm.Code 123:1–19–02. Finding that appellant was removed on the one hundred seventy-ninth day of his probationary period, the State Personnel Board of Review determined that it had no jurisdiction over appellant's removal pursuant to R.C. 124.27. Appellant appealed to the common pleas court, which affirmed the decision of the State Personnel Board of Review. Appellant appeals therefrom, setting forth three assignments of error:

"I. The trial court erred in ruling that the findings of the State Personnel Board of Review were proper in that appellee failed to comply with the rules set forth in Ohio Administrative Code Section 123:1–29–01(B) by failing to conduct the secondary evaluation prior to the completion of the probationary period, and by assuming that appellant's probationary period was 180 days.

"II. The trial court erred in ruling that the findings of the State Personnel Board of Review were proper when there was clear and uncontroverted evidence indicating that the appointing authority failed to comply with Ohio Administrative Code Section 123:1–29–01(B) which provides that the probationary removal letter accompany the appropriate probationary performance evaluation and that this non-compliance prevents said removal from being proper.

"III. The trial court erred in affirming the administrative law judge's ruling that the appellee was not estopped from terminating appellant when the appointing authority failed to comply with the necessary prerequisites under the Ohio Revised Code and the Ohio Administrative Code pertinent to said termination."

All three assignments of error are interrelated, and we address them jointly.

Preliminarily, we note the premise for the State Personnel Board of Review's action, R.C. 124.27, which states, in part:

" * * * If the service of the probationary employee is unsatisfactory, he may be removed or reduced at any time during his probationary period after completion of sixty days or one-half of his probationary period, whichever is greater. If the appointing authority's decision is to remove the appointee, his

communication to the director shall indicate the reason for such decision. Dismissal or reduction may be made under provisions of Section 124.34 of the Revised Code during the first sixty days or first half of the probationary period, whichever is greater.  * * * "

In an effort to circumvent the language of R.C. 124.27, appellant first asserts that his probationary period was not one hundred eighty days, but one hundred sixty days and that, as a result, he was not terminated during the second half of his probationary period.  Appellant's contention is based on Ohio Adm.Code 123:1–29–01(B), which states:

*"The first performance evaluation shall be completed within thirty days of the conclusion of the first half of the probationary period.*  The second evaluation shall be completed within thirty days of completion of the probationary period, unless the employee is given a probationary removal, in which case the final evaluation will be made at the time of the removal.  The final probationary evaluation shall state whether the employee is to be retained or probationarily removed.  No probationary removal not accompanied by the appropriate probationary performance evaluation will be accepted or processed."  (Emphasis added.)

In response, appellee, Ohio Bureau of Employment Services, points to Ohio Adm.Code 123:1–19–02, which states:

*"The probationary period for all classified employees in the state agencies, boards, commissions and county welfare departments* shall be one hundred twenty calendar days for all positions which are assigned to a classification salary base which is less than a rate equal to pay range 08, step 1 in Schedule A or pay range 29, step 1 in Schedule B of section 124.15(A) of the Revised Code and *shall be one hundred eighty calendar days for all employees which are assigned to a classification salary base which is equal to or greater than a rate equal to pay range 08, step 1 in Schedule A* or pay range 29, step 1 of Schedule B.  Any positions not assigned to a classification salary base shall use the starting point for the position in lieu thereof for probationary period determination.  Longer probationary periods, not in excess of one year, may be authorized by the director, upon request of the appointing authorities concerned, for specific job classifications, if included in the classification specification.  Time spent on leaves of absence shall not be counted as part of the probationary period."  (Emphasis added.)

Appellee further notes that the record indicates that appellant was a pay range 12, step 1 employee and, under Ohio Adm.Code 123:1–19–02, would be subject to a one-hundred-eighty-day probationary period.

Premised largely on Ohio Adm.Code 123:1–29–01, appellant, in answer to appellee, contends that his supervisor modified his probationary period.  First,

he asserts that he was hired as an exceptional employee and that, as a result, his probationary period was subject to modification by his supervisor. Apart from questionable evidence regarding his supervisor's intention to modify appellant's probationary period, the record contains no evidence that appellant was hired as an exceptional employee.

Second, appellant asserts that his supervisor modified the length of appellant's probationary period by the timing of his evaluation. Specifically, appellant asserts that Ohio Adm.Code 123:1–29–01(B) mandates that his first performance evaluation be completed within thirty days of the conclusion of the first half of his probationary period; that since his first evaluation was given on November 16, 1987, or approximately fifty days after the date of his hire, then the first half of his probationary period would be only eighty days; and that his probationary period was one hundred sixty days. Having been terminated on the one hundred seventy-ninth day after his hire, he contends that he was not terminated during the second half of his probationary period. However, contrary to appellant's contentions, the testimony of appellant's supervisor does not evidence an intention to modify his probationary period. Rather, his supervisor was under the mistaken notion that he was required to evaluate appellant every thirty days, with an additional thirty days thereafter to actually write the evaluation.

Appellant then asserts that, regardless of his supervisor's intention, his supervisor's premature evaluation changed his probationary period as a matter of law. We disagree. Ohio Adm.Code 123:1–19–02 specifies that appellant is subject to a one-hundred-eighty-day probationary period. The rule does not provide for a shorter probationary period; rather, it specifies that the probationary period may be extended. We simply are unable to agree with appellant's contention that a supervisor may amend the rule by deviating from a different rule regarding evaluations.

Finally, to the extent appellant argues that the timing of his first evaluation is a procedure properly reviewed under R.C. 124.27, we disagree. See *Hanes v. Smith* (June 28, 1988), Franklin App. No. 87AP–1067, unreported, 1988 WL 70444.

Apart from the length of his probationary period, appellant contends that he was improperly removed from employment during the second half of his probationary period due to procedural improprieties in appellee's actions removing him. Appellant first contends that the procedure was faulty in that his termination letter was delivered to him on March 23, 1988, but was dated March 24. While we agree that the letter was improperly dated, we are unable to conclude that the discrepancy provides a basis for appellant's

challenging his termination, especially considering the State Personnel Board of Review's determination that the effective date of appellant's removal was not March 23, but March 24, 1988.

Finally, appellant asserts that the final sentence of Ohio Adm.Code 123:1–29–01(B) was violated in that appellant's final probationary evaluation did not accompany his letter of termination. Although the record is clear that appellant received the evaluation on March 24, 1988, appellant asserts that it should have accompanied his termination letter. While the preferable practice may be to provide the evaluation at the time a termination letter is delivered, neither the statute nor rule requires that result. Under the facts and circumstances of this case, appellant's receiving the evaluation prior to the end of his probationary period and on the date following receipt of his termination letter suffices to meet the legal requirements for termination of appellant's employment.

As a result of the foregoing, we overrule all three assignments of error, and affirm the judgment of the trial court.

*Judgment affirmed.*

STRAUSBAUGH and BOWMAN, JJ., concur.